UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL LOTZ,

          Plaintiff,

v.

DR. ELDERKIN, et al.,

          Defendants.

PRISONER
3:13-CV-00813 (CSH)

### RULING ON PLAINTIFF'S MOTION FOR COMPENSATORY DAMAGES

**I.    INTRODUCTION**

    Plaintiff Michael Lotz (hereinafter "Plaintiff") is currently incarcerated at the Bridgeport Correctional Center in Bridgeport, Connecticut. He has filed a *pro se* Complaint, [Doc. 1], under 42 U.S.C. § 1983. Plaintiff seeks pain relief associated with, among other things, chronic pancreatitis, severe liver disease - cirrhosis, chronic back aches, nephritic kidney disease, and advanced HIV.

    On August 1, 2013, Plaintiff filed a Motion for Compensatory Damages, [Doc. 9]. In this Motion, Plaintiff avers that due to Defendants not having prescribed appropriate "medications for pain issues," he has "suffered emotional and/or mental distress due to lack of proper sleep, eating and knowledge of [his] condition worsening." [Doc. 9] at 3. Further, Plaintiff states, "[d]ue to not being treated properly," he has "not enjoy[ed] the appropriate quality of life because [he] has [had] to spend [the] majority of daily life bed ridden in great pain, not able to eat a regular diet, not ... able to exercise, etc...." *Id.* Plaintiff thus asks the Court to grant his Motion for Compensatory Damages as Defendants' "conduct clearly shows to be motivated by evil and

intentional punishment because it involves reckless and callous indifference to [Plaintiff's] federally protected rights." *Id.*

In order to change or alter a prayer for relief, as Plaintiff is attempting to do in his Motion for Compensatory Damages, a plaintiff *must file a complete amended complaint* rather than a stand-alone motion.  Plaintiff's Motion for Compensatory Damages cannot be considered an amended complaint as it seeks not to *replace* Plaintiff's initial Complaint, but rather merely to *add* to and *supplement* it.  Plaintiff is, however, free to file an amended complaint in this action.[1] Any such amended complaint must, among other things, name all defendants in the case caption and include all claims and requests for relief.

Plaintiff's Motion for Compensatory Damages, [Doc. 9], is thus DENIED WITHOUT PREJUDICE to Plaintiff's filing a proper amended complaint in this action.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
November 7, 2013

/s/*Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge

---

[1] Pursuant to Fed. R. Civ. P. 15, Plaintiff may amend his Complaint within 21 days of service of Defendants' response thereto "as a matter of course." *See* Fed. R. Civ. P. 15(a)(1) and (a)(1)(B).  Defendants have not yet responded to Plaintiff's Complaint; thus the time in which Plaintiff may amend his Complaint as matter of course has not yet elapsed.  Further, even *were* this time to elapse, Plaintiff could make a Motion to Amend his Complaint with the Court, which, as Fed. R. Civ. P. (a)(2) provides, "should freely give leave" to a party to amend a pleading "when justice requires." Fed. R. Civ. P. 15(a)(2).