IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------x
:
MICHAEL LOTZ                    :         3:13 CV 813 (CSH)
:
v.                              :
:
DR. EDLERSKIN, et al.           :         DATE: DECEMBER 20, 2013
------------------------------------------------x

RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. #33)

Familiarity with this lawsuit (see Dkt. #16, at 1), and with plaintiff's two previously filed motions to appoint counsel (see Dkts. ##3, 5, 14), is presumed. (See Dkt. #16, at 1). On September 18, 2013, three months ago, this Magistrate Judge issued a Ruling on Plaintiff's Motion to Appoint Counsel ["September 2013 Ruling"], in which Ruling this Magistrate Judge denied plaintiff's motion without prejudice to renew. (Dkt. #16, at 2). On December 17, 2013, plaintiff filed the pending Motion for Reconsideration (Dkt. #33), which Motion was referred to this Magistrate Judge from Senior United States District Judge Charles S. Haight, Jr. two days later. (Dkt. #34).

Construing plaintiff's Motion for Reconsideration as a Renewed Motion for Appointment of Counsel, grounds do not exist for granting plaintiff's motion at this time. As noted in the September 2013 Ruling, plaintiff previously had advised the Court that "he 'wrote letters' to three attorneys and ha[d] 'only heard from one of them.'" (Dkt. #16, at 2, citing Dkt. #14, at 1). The Court noted that plaintiff attached to his motion "a letter from the one attorney who responded, in which she advised plaintiff contact the Inmates' Legal Assistance Program and the State of Connecticut Office of Protection and Advocacy. [However,] [p]laintiff [did] not inform that Court of his efforts to contact either of these legal resources." (Dkt. #16, at 2)(citation omitted). Accordingly, the Court ruled that "[a]t this

juncture, plaintiff's Motion to Appoint Counsel is denied without prejudice to renew if plaintiff is unable to secure representation from these or other sources, and plaintiff shall further document his efforts to obtain counsel." (Id.)(citation & emphasis omitted).

In his pending motion, plaintiff asserts that he "does not have the means to obtain an attorney which is reflected in prior documents sent to [the] [C]ourt attempting to obtain counsel." (Dkt. #33). As stated in the September 2013 Ruling, "the Second Circuit has made clear that before an appointment of counsel is even considered, the indigent person must demonstrate that he is unable to obtain counsel." (Dkt. #16, at 2, citing Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied sub. nom. Hodge v. Colon, 502 U.S. 986 (1991)). Contrary to plaintiff's assertion, and as the Court explained in the previous ruling, plaintiff "[did] not inform the Court of his efforts to contact" the legal resources referenced in his motion. (Dkt. #16, at 2). By denying his previous Motion to Appoint Counsel without prejudice to renew, plaintiff was afforded an opportunity to renew his motion when he is able to document his efforts to obtain counsel. In his current motion, plaintiff fails to attach any documentation evidencing an attempt to obtain counsel, such as correspondence from attorneys declining to represent plaintiff in this case, nor does he document any effort made to secure counsel on his own, such as listing the names of attorneys he has telephoned and providing their reasons for not taking his case.

Accordingly, plaintiff's Motion for Reconsideration (Dkt. #33) is denied.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file**

**timely objection to Magistrate Judge's recommended ruling <u>may</u> preclude further appeal to Second Circuit)**; <u>Caidor v. Onondaga County</u>, 517 F.3d 601, 603-05 (2d Cir. 2008)**(failure to file timely objection to Magistrate Judge's discovery ruling <u>will</u> preclude further appeal to Second Circuit)**.

Dated at New Haven, Connecticut, this 20th day of December, 2013.

    /s/ Joan G. Margolis, USMJ  
Joan Glazer Margolis  
United States Magistrate Judge