UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL LOTZ,<br><br>             Plaintiff,<br>v.<br><br>DR. ELDERKIN, *et al.*,<br><br>             Defendants. | Civil Action No.<br>3:13 - CV - 813 (CSH)<br><br>JULY 9, 2014 |

### ORDER OF DISMISSAL

### HAIGHT, Senior District Judge:

      In June of 2013, *pro se* plaintiff Michael Lotz ("Plaintiff") commenced this action for money damages under 42 U.S.C. § 1983 against multiple named defendants (collectively "Defendants"), who were medical staff at the Bridgeport Correctional Center during Plaintiff's incarceration at that facility.[1] He alleged that Defendants failed to provide him with proper medical treatment and thereby violated his rights under the "cruel and unusual punishments" clause of the Eighth Amendment of the United States Constitution.

      As set forth below, Plaintiff has now failed to prosecute his action for approximately 7 months and to inform the Court of his current address for 3 months, despite directives from the Court that he cure these failures. Accordingly, Plaintiff's action will be dismissed.

---

      [1] Plaintiff named the defendants as follows: Dr. Elderkin, Warden Farrell, Nurse K. (Nurse, RN), John Doe (Ophthalmologist); Mike D. (Medical Nurse Supervisor), and Dr. Ohollaran. Upon entry of Defendants' counsel's appearance, Dr. Ohollaran's correct last name was revealed as "O'Halloran" and Mike D.'s last name was disclosed as "Decenzo." Doc. 17, 19 (Appearance by Robert B. Fiske, III, Assistant Attorney General).

On April 10, 2014, Plaintiff was discharged from the Bridgeport Correctional Center [Doc. 36-3, at 2], but he has yet to inform the Court or Defendants' counsel of his new address, whether in federal prison or at another location.  Moreover, Plaintiff has taken no action to prosecute this action since December 17, 2013, when he filed a motion for reconsideration of Magistrate Judge Margolis's ruling denying his motion to appoint counsel [Doc. 22].[2]   He has also failed to amend his Complaint, despite the Court's specific direction that "[i]n order to change or alter a prayer for relief [as Plaintiff attempted via his [9] *Motion for Compensatory Damages*], [he] must file a complete amended complaint."  Doc. 28 (Order, dated 11/07/2013).

On June 4, 2014, this Court granted Defendants' "Motion for Order to Show Cause" [Doc. 36], thereby ordering Plaintiff to file a written notice of his current address with the Court on or before June 25, 2014 or his action would be dismissed.  The Clerk mailed a copy of that Order both to Plaintiff's address of record, Bridgeport Correctional Center, 1106 North Avenue, Bridgeport, Connecticut 06604, and to  Plaintiff's home address, as reflected in  the Connecticut Department of Correction records, 114 Morgan Street, Stamford, CT 06905.  Both copies of the Order were returned to the Court marked as undeliverable, respectively noting that Plaintiff  was "discharged" from incarceration and that the United States Post Office was "Unable to Forward."

As early as September of 2013, the Court had advised Plaintiff that if he "changes his address at any time during the litigation of this case," he must, pursuant to Local Rule 83.1(c)(2), "notify the court of his new address" and that "[f]ailure to do so may result in the dismissal of the case."  Doc.

---

[2]  That motion for reconsideration was denied on December 20, 2013 [Doc. 35].

13 (Order, dated 9/9/2013).[3] The Court specified that Plaintiff "must give notice of a new address even if he remains incarcerated." *Id.* In June of 2014, the Court repeated those instructions, explicitly advising Plaintiff that under Local Rule 83.1(c)(2), "[a]ny party appearing *pro se* must give an address within the District of Connecticut where service can be made upon him or her in the same manner as service is made on an attorney." Doc. 37 (Order, dated 6/4/2014*).* These instructions from the Court have gone unheeded.

Recognizing that dismissal for failure to prosecute is a "harsh remedy to be utilized only in extreme situations," the Second Circuit has set forth five factors for a district court to consider in deciding whether to dismiss a case pursuant to Rule 41(b) for failure to prosecute:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir.2004) (citations omitted).[4] In analyzing these factors, "[n]o one factor is dispositive, and ultimately [courts] must review the dismissal in light of the record as a whole." *Id.*

In the case at bar, weighing the Second Circuit's prescribed factors, the Court concludes there are adequate grounds to dismiss. First, there has been a delay of many months with no indication that Plaintiff has any desire to resume prosecuting his action. Second, the Court has given Plaintiff

---

[3] According to the Court's electronic-filing record (CM/ECF), Plaintiff received a copy of this Order [Doc. 13] in that it was mailed to Plaintiff at his address of record at the Bridgeport Correctional Center and was not returned to the Court as undeliverable.

[4] *Accord Lewis v. Rawson*, 564 F.3d 569, 576 (2d Cir. 2009) (listing and discussing *Drake* factors).

notice that his action will be dismissed if he fails to provide his current address to the Court. Such notice was provided to Plaintiff both before and after his discharge from the Bridgeport Correctional Center in April 2014. *See* Doc. 13 & 37. Third, Defendants will be prejudiced by Plaintiff's lengthy and inexcusable delay if Defendants are forced to gather evidence and continue preparing for proceedings which may never resume. Fourth, the Court's resources may be better allocated to other actions where Plaintiff exhibits no willingness to comply with the Court's directives and/or pursue his action. Lastly, lesser sanctions will not suffice in that Plaintiff has become unreachable and/or non-responsive. In failing to update his address after April of 2014, Plaintiff has effectively precluded his ability to respond to the Court's Orders and has provided the Court with no explanation for his silence.

Under these circumstances, due to Plaintiff's prolonged failure to provide his address and to prosecute this action, the Court hereby dismisses the action with prejudice and without costs to any party. *See* Fed. R. Civ. P. 41(b) ("Involuntary Dismissal," which "operates as an adjudication on the merits"); D. Conn. L. Civ. R. 41(a) ("Dismissal of Action For Failure to Prosecute").[5] *See also Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be

---

[5] *See also, e.g., In re Michalek*, 104 F.3d 356, 1996 WL 698046, at *3 (2d Cir.1996) (affirming district court's dismissal for failure to prosecute, noting, *inter alia*, that "the fact that [*pro se* appellant] was incarcerated and occasionally transferred from one facility to another during this period cannot justify his failure to submit any documents to the District Court."); *Bailey v. Murphy*, No. 3:10-CV-552 (JCH), 2011 WL 2938071, at *2 (D.Conn. July 18, 2011) (plaintiff did "not show[ ] that the court erred in granting the Motion to Dismiss for failure to prosecute" where plaintiff was discharged from one prison and failed for months to inform the court of his new address until he was later incarcerated in another facility); *Ortiz v. Eichner*, No. 3:01–CV–2172 (JCH) (HBF), 2003 WL 22843075, at *3 (D.Conn. Nov. 24, 2003) (directing *pro se* plaintiff to "file a written notice of change of address within twenty days . . . or the case will be dismissed for failure to prosecute").

doubted."); *Johnson v. M. Melnick & Co., Inc.*, No. 91 CIV. 7961 (LAP), 1996 WL 239994, at *3 (S.D.N.Y. 1996) ("Even if a defendant has not moved for such a dismissal, . . . a court possesses the inherent authority to dismiss *sua sponte* a case for failure to prosecute"), *aff'd*, 104 F.3d 355 (2d Cir. 1996).   The Clerk is directed to close the file.

    The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
       July 9, 2014

                                      */s/Charles S. Haight, Jr.*
                                      CHARLES S. HAIGHT, JR.
                                      Senior United States District Judge